```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 10 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DONALD ELLIOTT, JR.,

                Plaintiff,

          -v-

NESTLE WATERS NORTH AMERICA INC.,

                Defendant.

-----------------------------------------------------------X

No. 13 Civ. 6331 (RA)

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

RONNIE ABRAMS, United States District Judge:

      Proceeding *pro se*, Plaintiff Donald Elliott, Jr. brought this action alleging wrongful termination against Defendant Nestle Waters North America Inc. On May 6, 2014, this Court adopted Magistrate Judge Netburn's Report and Recommendation on Defendant's motion to dismiss for failure to state a claim and dismissed Plaintiff's claims with prejudice but granted him leave to amend his breach of implied contract claim. (ECF No. 27.) On October 10, 2014, Plaintiff filed an amended complaint. (ECF No. 35.) Defendant again moved to dismiss for failure to state a claim. (ECF No. 36.) The Court referred the motion to Judge Netburn for a Report and Recommendation, which she issued on March 3, 2015 (the "R&R"). (ECF Nos. 41, 57.)

      In reviewing a Report and Recommendation, a District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>Id.</u> When neither party has filed an objection, the Court reviews the Report and Recommendation for clear error. <u>Maslin v. Comm'r of Soc. Sec.</u>, No. 11-CV-8709-JPO, 2014 WL 1395017, at *1

(S.D.N.Y. Apr. 10, 2014).

Although the Report and Recommendation provided that the "parties shall have fourteen days from the service of this Report and Recommendation to file written objections," and indicated that three additional days would be afforded in the case of service by mail, neither party has filed an objection. (R&R at 16.) Accordingly, the Court reviews the R&R for clear error and finds that the R&R should be approved in its entirety, with the modification set forth below regarding the choice of law analysis.

The first Report and Recommendation, which addressed Defendant's original motion to dismiss, stated that "[u]nder New York choice of law principles, the law of the jurisdiction having the greatest interest in the litigation will be applied to tort claims" and proceeded to apply this "interest" analysis. (ECF No. 26 (internal quotation marks omitted).) Here, the R&R, citing the first Report and Recommendation, states that "[t]he Court has already conducted a choice of law analysis and concluded that New Jersey is the appropriate law to be applied in this case." (R&R at 11 n.2.) This was indeed true to the extent that the first Report and Recommendation addressed tort claims of wrongful termination, but where, as here, the explicit cause of action pled is breach of an implied employment contract, the choice of law analysis should be based in contract. See Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 433 (2d Cir. 2012) (applying New York choice of law principles for contract claims in determining whether the plaintiff pleaded an enforceable implied-in-fact contract). Thus, although it does not affect the ultimate outcome of the motion, the choice of law analysis should be based in contract.

Under New York law, "the choice of law for contract and quasi-contract claims is determined by a 'center of gravity' analysis." Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 238 (S.D.N.Y. 2013). "This analysis determines the contract's 'center of gravity' by examining

2

'the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties.'" Id. (quoting GlobalNet Financial.com, Inc. v. Frank Crystal & Co., 449 F.3d 377, 383 (2d Cir. 2006)).

Here, as discussed in the first Report and Recommendation, Plaintiff "is a domiciliary of New Jersey," his "work station was in New Jersey," and "he would pick up his truck in New Jersey to start his daily deliveries . . . ." (ECF No. 26.) Plaintiff's work—the subject of any employment contract—was thus centered in New Jersey, and any employment documents he signed or was made privy to were presumably signed or otherwise effectuated in New Jersey. The "center of gravity" factors thus weigh in favor of applying New Jersey law, as the R&R did.

In any event, application of either New Jersey or New York law would have resulted in the same outcome. As stated in the R&R, under New Jersey law, employment is presumptively at-will. Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 308 (3d Cir. 2004). "The at-will presumption may only be overcome where such intention is 'specifically stated in explicit, contractual terms.'" Anderson v. DSM N.V., 589 F. Supp. 2d 528, 534 (D.N.J. 2008) (quoting Bernard v. IMI Sys., Inc., 131 N.J. 91, 106 (1993)). The plaintiff bears the burden of showing that "some provision or language in the employment manual [or other such personnel policy] that guarantees the employee will not be terminated except for good cause." Bell v. KA Indus. Servs., LLC, 567 F. Supp. 2d 701, 710 (D.N.J. 2008) (internal quotation marks omitted). Where, however, such manual or policy contains "a clear and prominent disclaimer" stating that employees are employed at-will, the at-will presumption will be hard to overcome. Woolley v. Hoffmann-LaRoche, Inc., 99 N.J. 284, 285, modified, 101 N.J. 10 (1985).

Similarly, under New York law, "it has long been settled that an employment relationship is presumed to be a hiring at will . . . ." Baron v. Port Auth. of New York and New Jersey, 271

F.3d 81, 85 (2d Cir. 2001) (internal quotation marks omitted). The at-will presumption "may be rebutted with proof that the unfettered right to terminate the employment has been limited by express or implied agreement." Litchhult v. USTRIVE2, Inc., No. 10-CV-3311-JFB, 2013 WL 3491076, at *16 (E.D.N.Y. July 10, 2013) (internal quotation marks omitted). "Policies in a personnel manual specifying the employer's practices with respect to the employment relationship, including the procedures or grounds for termination, may become part of the employment contract." Bernhardt v. Tradition N. Am., 676 F. Supp. 2d 301, 305 (S.D.N.Y. 2009). "To establish that such policies are a part of the employment contract, an employee alleging a breach of implied contract must prove that (1) an express written policy limiting the employer's right of discharge exists, (2) the employer (or one of its authorized representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy in accepting or continuing employment." Id. (internal quotation marks omitted). "[W]here a sufficiently unambiguous disclaimer, conspicuously placed in the employee handbook such that the employee reasonably could be expected to read it is at issue . . . the implied contract claim may be dismissed as a matter of law." Baron, 271 F.3d at 88.

Under either of the two states' laws, therefore, the R&R's determination that Plaintiff has failed to plausibly allege any contractual term or agreement that would limit at-will termination—together with the existence of clear disclaimers that employment was at-will—rightly renders dismissal appropriate.

The Court thus adopts the R&R with the foregoing modification as to the choice of law analysis.

Defendant's motion to dismiss is GRANTED. As forewarned in the R&R, Plaintiff's failure to timely object precludes appellate review of this decision. See, e.g., Wagner & Wagner,

LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

The Clerk of Court is respectfully requested to close the motion pending at docket number 36 and to terminate this case.

SO ORDERED.

Dated:     April 10, 2015
           New York, New York

_____
Ronnie Abrams
United States District Judge